ELIZABETH S. STEPHENS, Respondent, *v.* GEORGE B.
CRAWFORD, as Executor of GEORGE R. CRAWFORD,
Deceased, Appellant.

*Conversion — action to recover shares of stock alleged to have been deposited
with defendant's testator.*

*Stephens* v. *Crawford*, 209 App. Div. 142, affirmed.

(Argued October 7, 1924; decided October 21, 1924.)

APPEAL from a judgment, entered May 19, 1924, upon
an order of the Appellate Division of the Supreme Court
in the second judicial department, reversing a judgment
in favor of defendant entered upon a dismissal of the
complaint by the court at Trial Term, a jury having
been waived, and directing judgment in favor of plaintiff.
The action was brought during the lifetime of George
R. Crawford, now deceased, to recover the alleged value
of 1,000 shares of the capital stock of the Westchester Fire
Insurance Company, claimed to have been deposited with
said George R. Crawford, deceased, January 15, 1899, by
the plaintiff who claimed said shares were her property, and
that the said George R. Crawford refused to return them to
her after demand and had converted them to his own use.

*Milo J. White* for appellant.

*Bruce R. Duncan* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-
LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

———

LILLIAN M. DOWLING, as Administratrix of the Estate of
FRANCIS P. DOWLING, Respondent, *v.* THE CITY OF
NEW YORK, Appellant.

*Negligence — streets — New York city — street running to bank of
canal and continuing on other side — failure to erect guard along
bank — when city liable for death of one who drove along street into
canal and was drowned.*

*Dowling* v. *City of New York*, 208 App. Div. 704, affirmed.

(Submitted October 7, 1924; decided October 21, 1924.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the second judicial

department, entered December 12, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Decedent, while driving a sedan automobile at night in a westerly direction along Degraw street in the borough of Brooklyn, ran into the Gowanus canal and was drowned. The evidence tended to show that to the uninitiated stranger approaching on Degraw street, it had every semblance of a continuous street extending without interruption over the actual depressed area where the width of the canal lay hidden and undisclosed from view, and that notwithstanding this fact there was no bar or guard whatever to prevent approaching vehicles from going into the water.

*George P. Nicholson,* Corporation Counsel (*Charles J. Druhan* and *James E. O'Reilly* of counsel), for appellant.

*Lester Hand Jayne* and *Arthur L. Obre* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ

---

Jesse I. Stone, Respondent, *v.* Earnest R. Eckley, Appellant.

*Contract — tender — action to recover for breach of contract — sufficiency of tender.*

Stone v. Eckley, 206 App. Div. 720, affirmed.

(Submitted October 7, 1924; decided October 21, 1924.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 14, 1923, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover for an alleged breach of contract whereby upon delivery to him of certain bonds the defendant agreed to pay to plaintiff a certain sum of money. The defendant contended that tender of the bonds was not made within the required time.